IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD M. APPEL, RITA APPEL, and NANETTE APPEL-BLOOM, Individually and on Behalf of all Others Similarly Situated | : : : : : : | CIVIL ACTION |
| v. | : : | |
| GERALD S. KAUFMAN, et al. | : | NO. 08-392 |

MEMORANDUM

McLaughlin, J.                                                April 24, 2009

       The plaintiffs, tenants-in-common of a large commercial property located in Philadelphia, have moved to disqualify the counsel for defendants Gerald Kaufman, the Gerald S. Kaufman Corporation and Aries Capital Holdings, Inc. on the basis of a conflict of interest between those co-defendants. For the reasons stated in this memorandum, the Court will deny the plaintiffs' motion without prejudice.

I.   Background

       The plaintiffs are currently tenants-in-common with stakes in a piece of property located at 401 North Broad Street, Philadelphia. In 1959, the property was purchased by a group of promoters, referred to as "Nominees," who leased the land and the building located on the land to the Terminal Commerce Building of Philadelphia, Inc. (the "tenant") for a term of 99 years.

The defendant Gerald Kaufman ("Kaufman") is acting as a "Nominee" for the tenants-in-common and administers the business of the property as it relates to the lease of the land and the building on the land. The role of "Nominee" is defined in the original contract (the "Agreement") between the group of promoters and the tenants-in-common to whom the promoters sold shares. The plaintiffs allege that Kaufman is not the legitimate Nominee for the property, that he has illegally paid fees to himself from the proceeds of the tenants-in-common's rent, that he has placed mortgages on the property for unknown reasons and without authorization, that he has made unauthorized loans to the property's tenant, that he has paid taxes required to be paid by the tenant, that he has maintained financial interests in the property in conflict with the tenants-in-common, and that he has generally mismanaged funds belonging to the tenants-in-common. Am. Compl., ¶ 31.

The plaintiffs allege that Kaufman has fraudulently conveyed title to the property to the defendant Gerald S. Kaufman Corporation (the "Corporation") and that the company is now a purported "Nominee." Am. Compl., ¶ 32. The complaint alleges that Kaufman and his wife Carol F. Kaufman are the only officers, directors and shareholders of the Corporation. Am. Compl., ¶ 33. The plaintiffs further allege that the defendant Aries Capital, Inc. ("Aries") is the mortgagee of a mortgage created by Gerald

and Carol Kaufman on behalf of the Corporation in which the property at 401 Broad Street acts as collateral for a debt of $6.7 million. The plaintiffs allege that this money has been put to the personal use of Gerald and Carol Kaufman through their company Gerald S. Kaufman Corporation. The plaintiffs allege that Kaufman has been paying the principal and interest on this mortgage out of rents received from the tenant on the property. The defendant Aires assigned the allegedly fraudulent mortgage to the defendant Norwest Bank Minnesota ("Norwest").

The amended complaint contains four counts. The first count claims fraud and breach of fiduciary duty by Gerald Kaufman, Carol Kaufman and the Gerald S. Kaufman Corporation. Am. Compl. at 11. The plaintiffs claim that these defendants defrauded the plaintiffs from funds to which they were entitled by placing the mortgage on the property without authority from the tenants-in-common and paying the principle and interest on that mortgage using rents belonging to the tenants-in-common. Count two is for an accounting and for the appointment of a receiver to compel Kaufman, his wife and his corporation to account for their financial activities with respect to the property. Count three requests a declaratory judgment invalidating the deeds granting Kaufman and the Corporation title to the property as a Nominee, as well as the Aries mortgage and the assignment of that mortgage to Norwest. Finally, count four

requests a partition of the property, in which the property will be sold and the proceeds of that sale will be paid out to the tenants-in-common.

II. Discussion

The plaintiffs have filed a motion to disqualify counsel for Kaufman and Aries on the ground of a conflict of interest between the two parties. The plaintiffs claim that their third count, requesting the invalidation of the Aries mortgage, places Aries in a position of adversity with respect to Kaufman in that Aries may wish to file a cross-claim against Kaufman in the event the mortgage is invalidated. The plaintiffs move to disqualify Kaufman and Aries' counsel from representing either of them in this case because of a presumption that counsel has received confidential information from each party rendering improper his representation of either.

The briefs filed by the plaintiffs in support of their motion to dismiss are largely devoted to a presentation of documents relating to the various deeds, mortgages and assignments forming the basis for their suit. The Court will not adopt the plaintiffs' characterization of these documents as definitive proof of fraud when the defendants have yet to answer the complaint against them. For the moment, Aries and Kaufman have only the potential of a conflict of interests, as the

4

defendants recognize, Defs' Opp'n at 2, which will arise only in the event that Aries does in fact bring a cross-claim against Kaufman in the future.

This Court applies Rules of Professional Conduct promulgated by the Pennsylvania Supreme Court to the conduct of attorneys practicing before it. Local Civ. R. 83.6(IV). The parties agree that Rule 1.7 of the Pennsylvania Rules of Professional Conduct apply to their current dispute. The rule reads:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>   (1) the representation of one client will be directly adverse to another client; or
>
>   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>   (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
>   (2) the representation is not prohibited by law;
>
>   (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in

        the same litigation or other proceeding before a tribunal; and

    (4)    each affected client gives informed consent.

The plaintiffs claim that Rule 1.7(b)(3) prohibits the joint representation of Aries and Kaufman even with the defendants' consent. Pls' Br. at 19. However, as stated above, the case involves no cross-claims by the defendants and therefore Rule 1.7(b)(3) does not currently apply. The case presents no concurrent conflict of interest and the Court is unwilling at this stage of the case to find that the case presents a "significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Pa. R.P.C. 1.7(a)(2).

Even assuming that the case presents a significant risk that the representation of Kaufman will materially limit defense counsel's responsibilities to Aries, the Court is satisfied that the defendants' counsel has met the requirements for continued representation under Rule 1.7(b). The affidavits attached to the defendants' brief in opposition to the motion to disqualify demonstrate that counsel for Kaufman and Aries believes he will be able to provide competent and diligent representation to each of his potentially affected clients. The Court, at this stage of litigation, will not find that belief to be unreasonable. The affidavits of both Kaufman and Neil Freeman (Aries' president)

each state that the two defendants have considered and consented to their current counsel's representation. Aries consented to joint representation after consultation with independent counsel. Defs' Opp'n, Freeman Aff., ¶ 3.

Without a current conflict of interests or a significant risk of such a conflict arising, and with each of the affected parties' consent to joint representation, the Court will not disqualify the defendants' counsel from continued representation. The Court will deny the plaintiffs' motion without prejudice to reassert their arguments at a later date.

An appropriate order will be filed separately.